STEWART, J.
LThe defendant, Bobby Ray Jones, Jr., pled guilty to one count of attempted armed robbery and was sentenced to 15 years at hard labor without benefit of probation, parole, or suspension of sentence. For the reasons set forth in this opinion, we affirm his conviction and sentence and grant appellant counsel’s motion to withdraw.
FACTS
By bill of information filed on February 11, 2009, the defendant was charged with one count of sexual battery, a violation of La. R.S. 14:43.1, and one count of armed robbery, a violation of La. R.S. 14:64. By amendment to the bill of information on February 10, 2010, the defendant was charged with two additional counts of armed robbery. The armed robbery charges also included violations of La. R.S. 14:64.3 for use of firearm in the commission of the crimes.
On December 28, 2010, the defendant accepted a plea agreement and pled guilty to one count of attempted armed robbery with a sentencing cap of 15 years at hard labor. The sexual battery charge was nol prossed. During the plea colloquy, the trial court apprised the defendant of his rights under Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The trial court also explained to the defendant that he could be sentenced up to 15 years at hard labor without the benefit of probation, parole, or suspension of the sentence and that his conviction could be used to enhance subsequent charges and penalties. The defendant, who was 21, a high school graduate, and represented by counsel, indicated that he understood the proceedings, the plea agreement, and the rights he was Rgiving up by pleading guilty. He indicated that he was pleading guilty because he was in fact guilty and not because of any inducements, promises, or threats. He admitted the facts as set forth by the state, namely, that on or about December 20, 2008, he attempted, while armed with a handgun, to rob the victim. Upon finding the plea to be free and voluntary, the trial court accepted the defendant’s guilty plea and ordered a pre-sentence investigation (“PSI”) report.
On March 12, 2011, the defendant appeared for sentencing. The trial court explained that he had reviewed the PSI report, the sentencing guidelines of La. C. Cr. P. art. 894.1, and a letter from the defendant. The trial court noted both aggravating and mitigating factors including, respectively, the seriousness of the incident from which the charges arose and the defendant’s status as a true first offender. The trial court also gave some weight to a letter in which the defendant took responsibility for his actions. Finally, the trial court noted the benefit of the 15-year cap to the defendant, who would have faced a much greater sentencing exposure if he had gone to trial and been found guilty of the charged offenses. In concluding its review, the trial court found the maximum sentence to be appropriate and sentenced the defendant to 15 years at hard labor without benefit of parole, probation, or suspension of the sentence. Lastly, the trial court had the minutes reflect that the remaining counts of armed robbery were nol prossed along with the sexual battery charge.
On April 28, 2011, the defendant filed a pro se motion to reconsider his sentence *246 on the basis that he had taken responsibility for his actions, was |sremorseful, had no prior criminal record, and was not equipped “for the harsh reality of prison life.” The trial court denied the motion.
The trial court granted the defendant’s pro se appeal motion and appointed appellate counsel, who fíled a brief asserting that there are no non-frivolous issues and a motion to withdraw. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241; State v. Moutan, 95-0981 (La.4/28/95), 653 So.2d 1176; and State v. Benjamin, 573 So.2d 528 (La.App. 4th Cir.1990).
On November 10, 2011, this court ordered the motion to withdraw held in abeyance and notified the defendant that he could file a brief within 30 days of the date of the order. The order also informed the defendant that his failure to file a timely brief would mean that the appeal record would be reviewed only for error patent. The record shows that the defendant has not filed a pro se brief in this matter.
DISCUSSION
Appellate counsel’s brief outlines the procedural history of the defendant’s case and provides “a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place.” Jyles, supra. The brief reviews the plea colloquy, which shows a factual basis for the plea, that the defendant was properly Boykinized, and that his plea was free and voluntary. The brief notes that the sentence was in accord with a plea agreement that provided the defendant a substantial benefit by reducing his sentencing exposure |4from up to 99 years for armed robbery under La. R.S. 14:64 to a maximum of 15 years under the sentencing cap. Moreover, the brief notes that the defendant is procedurally barred from seeking review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea. La. C. Cr. P. art. 881.2(A)(2); State v. Young, 96-0195 (La.10/15/96), 680 So.2d 1171.
Appellate counsel verifies that he has mailed copies of the brief and his motion to withdraw to the defendant in accordance with Anders, Jyles, Mouton, and Benjamin, supra. Moreover, the record shows that the defendant was given an opportunity to file a brief and has not done so.
We have reviewed this record for error patent and found none.
CONCLUSION
For the foregoing reasons, the motion to withdraw is granted, and the defendant’s conviction and sentence are affirmed.
AFFIRMED.